```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA

KEITH BREWER                                          CIVIL ACTION


VERSUS                                                CASE NO.12-2814


N. BURL CAIN, WARDEN                                  SECTION "B"(3)
```

## ORDER AND REASONS

Before the Court is Keith Brewer's ("Petitioner") petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1] The State of Louisiana filed a response.[2] The Magistrate Judge has issued a Report and Recommendation, wherein the Magistrate Judge agreed with the state, and recommended that the petition be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).[3] Petitioner filed a timely objection to the Magistrate Judge's Report and Recommendation.[4]

Accordingly and for the reasons enumerated below,

**IT IS ORDERED** that Petitioner's Objection to the Magistrate Judge's Report and Recommendation is **OVERRULED**; that the Magistrate Judge's Report and Recommendation is **ADOPTED**; and, Petitioner's petition for federal habeas corpus review is **DISMISSED WITH PREJUDICE.**

---

[1] Rec. Doc. No. 1.
[2] Rec. Doc. No. 13.
[3] Rec. Doc. No. 17.
[4] Rec. Doc. No. 18.

1

Petitioner is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.[5] On January 24, 2007, Petitioner was convicted of aggravated burglary under Louisiana law.[6] On June 8, 2007, he was found to be a habitual offender and was sentenced as such to a term of fifty years imprisonment.[7]

In November of 2012, Petitioner filed the instant federal application seeking habeas corpus relief.[8] The state argues that Petitioner's federal application is untimely.[9] The Magistrate Judge agreed.[10] Petitioner objects and contends that, in denying the instant habeas petition as time-barred, "[t]he Magistrate Judge, however, disregards the fact that Mr. Brewer filed a Motion for Extension of Time in which the Louisiana Supreme Court granted and advised Mr. Brewer "[y]ou should send your application as soon as you are able, preferably within 60 days from the date of this letter."[11]

## I.  Law and Analysis

The Court now conducts the requisite *de novo* review of the aspects of the recommendation to which Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

---

[5] Rec. Doc. No. 17 at 1.
[6] State Rec., Vol. VII of VII, transcript of January 24, 2007, p. 105, p. 105; State Rec., Vol. I. of VII, minute entry dated January 24, 2007.
[7] State Rec., Vol. II of VII, transcript of June 8, 2007; State Rec., Vol. I of VII, minute entry dated June 8, 2007.
[8] Rec. Doc. No. 1.
[9] Rec. Doc. No. 13.
[10] Rec. Doc. No. 17.
[11] Rec. Doc. No. 18 at 1.

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified as amended at 28 U.S.C. § 2244(d), provides that a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from the "latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. See 28 U.S.C. § 2244(D)(1)(A)(West 2013), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.

The statute of limitations does not run while a petitioner has a pending application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2). AEDPA does not, however, provide a new and full one-year statute of limitations once these applications are no longer pending. *Flanagan v. Johnson,* 154 F.3d 196, 198 (5th Cir.1998).

In this case, Petitioner was resentenced by the state district court on April 23, 2010.[12] Petitioner had "thirty days after the rendition of the judgment" to file a motion for an appeal. La. Code Crim. P. art. 914(B)(1). This period expired, and Petitioner's sentence became final on May 24, 2010. *State v. Mims*, 942 So.2d 70, 2006-1219 (La. App. 3 Cir. 11/2/06). Therefore, the limitations period began May 24, 2010.

---

[12] State Rec., Vol I of VII, minute entry dated April 23, 2010.

The one-year federal limitations period under the AEDPA was tolled, **after two hundred and thirty two days**, by the filing of a post-conviction application with the state district court on January 12, 2011. 28 U.S.C. § 2244(d)((2). The application was denied on June 22, 2011.[13] Petitioner had thirty days, under Louisiana law, to seek review by the Louisiana Fourth Circuit Court of Appeal. Louisiana Uniform Rules of the Courts of Appeal, Rule 4-3. Petitioner failed to file a writ application with that court, and the one-year federal limitations period resumed on July 22, 2011, unless further interrupted.[14] *Melancon v. Kaylo*, 259 F.3d 401, 406-07 (5th Cir. 2001).

While that application was pending, Petitioner also filed a motion to quash with the state district court on February 8, 2011.[15] The state district court denied that motion on March 14, 2011.[16] Subsequently, Petitioner's related writ application was denied by the Louisiana Fourth Circuit Court of Appeal on May 13, 2011.[17]

Petitioner did not file an application for supervisory writs concerning the motion to quash before the Louisiana Supreme Court within that court's thirty day limit. Louisiana Supreme Court Rule X, § 5(a). On June 24, 2011, Petitioner filed a motion for extension

---

[13] Rec. Doc. No. 1 at 51.
[14] Rec. Doc. No. 1 at 19-20.
[15] Rec. Doc. No. 1 at 19-20.  On March 14, 2011, the trial court denied the petition for post-conviction relief. State Rec. Vol. V of VII, Judgment dated March 14, 2011.
[16] Rec. Doc. No. 1 at 19-20.
[17] Rec. Doc. No. 1 at 19-20.

of time to file supervisory writs before the Louisiana Supreme Court.[18] On September 14, 2012, the Louisiana Supreme Court denied Petitioner's application in a one-word order.[19] Petitioner filed the instant habeas petition in November of 2012.

The point of contention here is the application for supervisory writs concerning the motion to quash, and whether the motion for extension of time served to further interrupt or toll the federal limitations period. "Any tolling resulting from the motion [to quash] continued only so long as the motion remained pending. It is clear that a post-conviction filing remains pending during any supervisory review of that motion, *but only if petitioner sought supervisory review in a timely manner*."[20] *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 771 (5th Cir. 2004).

The Magistrate Judge considered the issue and correctly concluded that no tolling resulted from Petitioner's application before the Louisiana Supreme Court.[21] First, Petitioner failed to timely submit an application before the Louisiana Supreme Court. Second, Petitioner's June 24, 2011 motion for extension of time was untimely. Petitioner's post-conviction claims were completed on June 13, 2011, thirty days after the Louisiana Fourth Circuit denied review of Petitioner's post-conviction application. Petitioner

---

[18] State Rec., Vol. VI of VII.
[19] *State ex. Rel. Brewer v. State*, 97 So.3d 1010 (La.2012).
[20] Rec. Doc. No. 17 at 6.
[21] Rec. Doc. No. 17 at 6.

cannot avail himself of an untimely motion for extension. Lastly, the Louisiana Supreme Court did not grant Petitioner an extension.[22]

## II. Conclusion

The Court has carefully considered the petition, the record, the applicable law, the Report and Recommendation issued by the assigned Magistrate Judge.[23] Petitioner has failed to meet the threshold requirement that a 28 U.S.C. § 2254 habeas petition be timely filed.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection to the Magistrate Judge's Report and Recommendation is **OVERRULED**; that the Magistrate Judge's Report and Recommendation is **ADOPTED**; and, Petitioner's petition for federal habeas corpus review is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 18th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[22] State Rec., Vol. VI of VII, Letter to petitioner from Central Staff dated June 30, 2011. "Your request for an extension of time has been filed and given the above number. You should send your application as soon as you are able, preferably within 60 days from the date of this letter. Your application will be filed as a supplement to the filing under the above number. The filing of your request for an extension and any supplemental application does not represent a finding by this Court that your findings are or are not timely."

[23] Rec. Doc. No. 17 at 6-7.